IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MERTON GERALD BEAN, | ) | USDC Case No. 3:22-cv-00014-MC |
| Plaintiff, | ) ) | |
| v. | ) ) ) | PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT/ ALTERNATIVE REQUEST |
| OFFICER ISIAH DUARTE | ) ) | FOR JURY TRIAL |
| Defendant. | ) ) ) | FRCP 56 |

Pursuant to Fed. R. Civ. P. 56, plaintiff moves the court for Partial Summary Judgment in his favor on his claims of excessive force, assault and battery, and cruel and unusual punishment as set forth in his Complaint. Alternatively, Plaintiff requests a jury trial pursuant to his rights under Amendments Seven and Fourteen to the United States Constitution. The reasons therefore are set forth in the plaintiff's declaration and brief in support of this motion.

1.

Plaintiff alleges that he was attacked and viciously beaten by the above-named defendant on [date] 3-4-21 in the Motel 6 parking lot. As presented in plaintiff's declaration in support of this

Page 1 of 3 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT/ALTERNATIVE REQUEST FOR JURY TRIAL
Merton Gerald Bean, SID#7252872

motion, there is no question that he suffered a savage beating by defendant. Plaintiff lawfully paid for a room at Motel 6 and had every right to be there. Plaintiff was standing outside, and was approached by defendant, and was then beaten without cause or justification. Plaintiff was then hauled to the hospital, and was never under arrest. Plaintiff left the hospital as a free man. Several weeks later, defendant, by and through the Jefferson County District Attorney's Office, realized that the beating of plaintiff "went too far" and charged *plaintiff* with assaulting a public safety officer so to conceal the beating by shifting the legal narrative.

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). At the summary judgment stage, the court views the facts in the light most favorable to the non-moving party, and draws all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

2.

Alternatively, if this Court does not award partial summary judgment in favor of plaintiff, he respectfully requests a jury trial to resolve any material facts that may be in dispute by

defendant. Plaintiff initially requested a jury trial in his Complaint, and requests the same here pursuant to Amendments Seven and Fourteen to the United States Constitution.

3.

This motion is made in good faith, and is supported by the pleadings and on plaintiff's memorandum of points and authorities and declaration of material facts as to which plaintiff contends there is no genuine dispute, together with the attached documents.

DATED this 17th day of August, 2023.

Respectfully submitted,

*/s/ Merton G. Bean*

Merton Gerald Bean
SID#7252872
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, Oregon 97801