UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MERTON GERALD BEAN,                               Case No. 3:22-cv-00014-MC

            Plaintiff,                                      OPINION AND ORDER

      v.

OFFICER ISSAH DUARTE,

            Defendant.

_____

MCSHANE, District Judge.

Plaintiff, appearing pro se, filed suit under 42 U.S.C. § 1983 and alleged that Defendant used excessive force in violation of the Fourth Amendment when effectuating Plaintiff's arrest. Both parties now move for summary judgment under Federal Rule of Civil Procedure 56. Because Plaintiff's claim is barred under *Heck v. Humphrey* and Defendant is entitled to qualified immunity, Plaintiff's Motion for Partial Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.

1   - OPINION AND ORDER

BACKGROUND

Shortly after midnight on March 5, 2021, Defendant Isiah Duarte, an officer with the Madras Police Department, responded to a report of a shirtless white male who had allegedly pulled the fire alarm at a Motel 6 and attempted to break vehicle windows with a rock. Duarte Decl. Exs. 1-2; *see also id.* Ex. 3 (video surveillance footage from Motel 6).

When Defendant arrived at the Motel 6, he saw Plaintiff holding a concrete statue. Duarte Decl. Ex. 2 at 4.[1] Defendant shined a spotlight on Plaintiff, introduced himself, and instructed Plaintiff to set down the object. *Id.* Although Plaintiff complied, Defendant noticed he "appeared agitated and was looking around clenching his jaw and fists." *Id.* Defendant allegedly told Plaintiff, "You're not under arrest, but I am going to handcuff you for your safety and mine." Pl.'s Decl. in Supp. Mot. Partial Summ. J. at 3. Defendant grabbed Plaintiff and asked him to turn around and place his hands behind his back. Duarte Decl. Ex. 2 at 4. Plaintiff pulled away and claimed his arm was broken. *Id.* Defendant did not notice anything wrong with Plaintiff's arm and tried to handcuff Plaintiff. *Id.* Plaintiff resisted, grabbing Defendant's fingers and hands, and Defendant told Plaintiff he was "under arrest." *Id.* Defendant attempted to pin Plaintiff to the ground while he called for backup assistance. Duarte Decl. Ex. 2 at 4-5; Ex. 3.

As Defendant struggled to gain control of Plaintiff on the ground, two employees of the Oregon Department of Corrections, Jeff Burch and Jan Burch, arrived at the scene. Duarte Decl. Ex. 2 at 5. Plaintiff continued to resist their efforts to contain him, and Defendant deployed his taser against Plaintiff in drive-stun mode; it had no noticeable effect on Plaintiff. *Id.*[2] According

---

[1] Plaintiff did not respond to Defendant's Motion for Summary Judgment, filed several weeks after Plaintiff's motion, and he did not present evidence to dispute Defendant's assertions.

[2] During his deposition, Plaintiff testified that he did not remember or realize he had been tased. Hisel Decl. Ex. 1 at 8.

2   - OPINION AND ORDER

to Defendant, Plaintiff then brought both his knees up and kicked Defendant in the chest. At that time, Jeff Burch dragged Plaintiff away and punched him several times.

Jefferson County Sheriff's Deputy Kevin Lanier arrived at the scene. Plaintiff had pulled his arms under his body to prevent being placed in handcuffs, and after Deputy Lanier arrived, Defendant was able to handcuff Plaintiff.

Defendant called medical responders to examine Plaintiff, and he was transported to a local hospital for evaluation. After interviewing the Motel 6 employee about Plaintiff's behavior, Defendant went to the hospital and cited Plaintiff for Disorderly Conduct in the First Degree, Interfering with a Peace Officer, Resisting Arrest, and Assault on a Public Safety Officer. Duarte Decl. Ex. 2 at 1. Plaintiff was subsequently released from the hospital without being admitted.

On March 24, 2021, Plaintiff was indicted on charges of Assaulting a Public Safety Officer (Defendant), Resisting Arrest, and Disorderly Conduct in the Second Degree. Hisel Decl. Ex. 2 at 5-6. Plaintiff pled no contest to Assaulting a Public Safety Officer and was sentenced to thirty months of imprisonment. *Id.* Ex. 2 at 7-9.

## DISCUSSION

Plaintiff claims that Defendant violated his Fourth Amendment rights by physically attacking him without provocation. Plaintiff moves for partial summary judgment on grounds that Defendant's use of force was unreasonable under the circumstances. In turn, Defendant moves for summary judgment on grounds that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or, in the alternative, that Defendant is entitled to qualified immunity.

To prevail on their respective motions, the parties must show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing the absence of any genuine dispute

3   - OPINION AND ORDER

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this initial burden is met, the burden shifts to the non-moving party to demonstrate an issue of fact to be tried. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see* Fed. R. Civ. P. 56(c)(1). On cross-motions for summary judgment, the Court considers each motion separately and considers each party's motion on its own merits. *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

The Court must construe the evidence and all reasonable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec*, 475 U.S. at 587 (citation and quotation marks omitted).

Because Plaintiff is proceeding pro se, the Court construes his filings liberally and affords him the benefit of any doubt. *E.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). However, Plaintiff is not relieved from his "obligation to show a genuine issue of material fact for trial through the presentation of specific, admissible evidence." *Epling v. Komathy*, 2011 WL 13142131, at *1 (C.D. Cal. Dec. 5, 2011).

    A.  <u>Plaintiff's Claim is Barred by *Heck*</u>

The *Heck* rule bars a § 1983 damages claim that implicates the validity of a conviction or sentence unless the conviction or sentence has been invalidated or the proceedings otherwise terminated in the plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally

inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (quoting *Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir. 1996)); *see also Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir. 2023) (explaining that "a judgment of conviction and resultant sentence" is the "sine qua non" of *Heck*); *Arrington v. City of Los Angeles*, 2021 WL 4168156, at *1 (9th Cir. Sept. 14, 2021) ("That Arrington's conviction is based on a *nolo contendere* plea rather than a guilty plea or jury verdict does not change the *Heck* analysis with regard to the false arrest and false imprisonment claim"); *Radwan v. Cty. of Orange*, 519 Fed. App'x 490, 490-91 (9th Cir. 2013) (stating that *Heck* applies "even where the plaintiff's prior convictions were the result of guilty or no contest pleas"). Accordingly, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487; *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc).

Plaintiff was convicted of Assaulting a Public Safety Officer in violation of Or. Rev. Stat. § 163.208, based on the factual allegation that he "did unlawfully and knowingly cause physical injury to Isiah Duarte, a person defendant knew to be a peace officer, while Isiah Duarte was acting in the course of official duty." Hisel Decl. Ex. 2 at 5. Under Oregon law, a person is lawfully entitled to use force in self-defense against an officer, if the person reasonable believes that the officer is "using more physical force than [is] reasonably necessary," i.e., excessive force. *State v. Yen Lin Wan*, 251 Or. App. 74, 81 (2012).

Defendant argues that Plaintiff's § 1983 claim of excessive force necessarily implicates his conviction for Assaulting a Public Safety Officer and is barred by *Heck*. Defendant

emphasizes that Plaintiff's claim arises from the same factual circumstances as Defendant's allegedly unlawful behavior, and that no factual basis would exist for Plaintiff's conviction if he had been lawfully entitled to use force in self-defense against Defendant's alleged use of unlawful force.

"To decide whether success on a section 1983 claim would *necessarily* imply the invalidity of a conviction, we must determine which acts formed the basis for the conviction." *Lemos v. Cty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir.), *cert. denied sub nom. Cty. of Sonoma, California v. Lemos*, 143 S. Ct. 429 (2022). Generally, "an allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis of the person's conviction." *Beets v. Cty. of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012); *see also Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1046 (9th Cir. 2018) (holding that the *Heck* bar did not apply when "there are other instances of conduct that could have formed the factual basis for his [no contest] misdemeanor conviction"). However, "if the allegedly unconstitutional force was used in response to the same conduct upon which Plaintiff's convictions are based, then the claim is barred." *Sharif v. Rankin*, No. 6:21-cv-0310-HZ, 2022 WL 2440049, at *3 (D. Or. July 5, 2022) (internal quotation marks and citations omitted).

Here, it is undisputed that Defendant's alleged use of excessive force arises from the same factual encounter that forms the basis of Plaintiff's assault conviction. Plaintiff alleges that, upon arriving at the Motel 6, Defendant "immediately seized [him] and commenced with a gratuitous and summary beating." Pl.'s Brief in Support at 2; Pl.'s Dec. ¶ 8. However, if Defendant had "immediately" used unlawful force against Plaintiff during their encounter, Plaintiff's subsequent use of force against Defendant would have been lawful and justified under Oregon law. *See Yen Lin Wan*, 251 Or. App. at 81.

Thus, success on Plaintiff's claim would necessarily implicate the validity of his conviction, and it is barred by *Heck*.

B.  Defendant is Entitled to Qualified Immunity

Even if *Heck* did not bar Plaintiff's claim, Defendant is entitled to summary judgment on grounds of qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To be clearly established, a legal principle…must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority… Otherwise, the rule is not one that every reasonable official would know." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (internal citations and quotation marks omitted). When so applied, qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions" and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (citation omitted).

"The Fourth Amendment requires police officers making an arrest to use only an amount of force that is objectively reasonable in light of the circumstances facing them." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007); *see also Graham v. Connor,* 490 U.S. 386, 394 (1989). Factors relevant to the reasonable inquiry include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Ultimately, the issue is whether the totality of the circumstances justified the amount of force

used. *County of Los Angeles v. Mendez*, 581 U.S. 420, 428 (2017) ("When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim.").

Here, Defendant grabbed Plaintiff by the arm, took him to the ground, attempted to contain and handcuff Plaintiff, and used his taser once. At the time of Plaintiff's arrest, the Ninth Circuit had held that a "leg sweep maneuver," used to take a suspect to the ground, could potentially rise to the level of excessive force when the suspect, though noncompliant, is not threatening to officers or bystanders. *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1116 (9th Cir. 2017).[3] The facts of this case are easily distinguishable from *Shafer*. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (explaining that "police officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue"); *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam) (stating that "the clearly established right must be defined with specificity").

In *Shafer*, two deputies approached the plaintiff, who was accused of throwing water balloons and attempting to walk away from deputies. *See Shafer*, 868 F.3d at 1113-14. In this case, Defendant alone encountered Plaintiff, who was acting erratically, carrying a large concrete object, and resisting Defendant's attempts to handcuff him. Unlike the plaintiff in *Shafer*, Plaintiff arguably posed a threat to Defendant and to others at the Motel 6 due to his earlier behavior. *See* Duarte Decl. Ex. 3; *see also Larkin v. Kenison*, 2022 WL 1769791, at *2-3 (9th

---

[3] In *Shafer*, the Ninth Circuit nonetheless found that it was not clearly established that the Fourth Amendment prohibited the deputy's increase of force "from verbal commands to an arm grab, and then a leg sweep maneuver, when a misdemeanant refuses to comply with the officer's orders and resists, obstructs, or delays the officer in his lawful performance of duties." *Shafer*, 868 at 1117.

Cir. June 1, 2022) (distinguishing *Shafer* and finding that qualified immunity applied to an "officer's use of a leg sweep to take down a fleeing person").

Further, the Ninth Circuit has found that the initial use of a taser was reasonable to "subdue" and arrest a person who allegedly disobeyed an officer's orders and fled from a traffic stop, even though the person had not threatened the officer and was unarmed. *See Jones v. Las Vegas Metropolitan Police Dep't*, 873 F.3d 1123, 1127, 1130 (9th Cir. 2017) ("Using a taser to stop Jones and place him under arrest was reasonable under the circumstances."). Here, Defendant tased Plaintiff once after he continued to struggle against Defendant and two correctional officials.

Given this precedent, no "settled" caselaw would have put Defendant on notice that his conduct would have violated Plaintiff's clearly established rights.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 43) is GRANTED and Plaintiff's Motion for Partial Summary Judgment (ECF No. 35) is DENIED. This case is DISMISSED. Any appeal of this decision or the Judgment dismissing this action would be frivolous and not taken in good faith. Accordingly, Plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this 12th day of February, 2024.

                                            s/ Michael J. McShane
                                            MICHAEL J. MCSHANE
                                            United States District Judge